IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**FILED**

SEP 2 1 2006

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

MICHAEL ALLEN KOKOSKI,
        Plaintiff,

V.

CIVIL CASE NO. 5:06 -0730

MICHAEL LEE KELLER,
individually and in his
official capacity as an
Assistant United States
Attorney;

JURY TRIAL DEMANDED

STEPHEN M. HORN, individually
and in his official capacity
as an Assistant United
States Attorney;   And,

SANDRA HENSON KINNEY,
individually and in her
official capacity as an
Assistant United States
Attorney,
           Defendants.

1 of 10

## CIVIL RIGHTS COMPLAINT FOR MONEY DAMAGES

COME NOW, the Plaintiff, MICHAEL ALLEN KOKOSKI, acting pro se, in the above styled civil case, and files this Civil Rights Complaint for Money Damages against the Defendants, jointly and severally, for having deliberately violated Plaintiff's Civil Rights Under the Constitution for the United States of September 25th, 1787 ("constitution") (as amended); as claimed or alleged herein bellow: Thereby causing Plaintiff to suffer loss and/or injury in excess of Twenty Thousand Dollars ($20,000.00) due to the illegal and unlawful acts or deeds of the defendants herein. Accordingly Plaintiff files this Complaint and prays the court to grant him any and all monitary compensations that he may be entitled to receive from the defendants herein, for having violated his civil rights, in amounts to be determined by a jury in accordance with law. Hence this Complaint:

I.

At all times relevant to this complaint, the Plaintiff MICHAEL ALLEN KOKOSKI has been a prisoner unlawfully detained in the state of Kentucky and elsewhere, under color of the

2 of 10

authority of the United States. And a citizen of the several state of kentucky.

2.

At all times relevant to this complaint the defendant MICHAEL LEE KELLER; the defendant STEPHEN M. HORN and the defendant SANDRA HENSON KINNEY ("Defendants"), have been citizens of the United States, residing in the state of West Virginia, in their individual capacities and Assistant United States Attorney's or officers of this Court, in their official Capacities.

3.

Jurisdiction is proper in this court pursuant to Title 28, U.S.C. Section 1331 and the First Amendment to the Constitution; in diversity of citizenship.

.

4.

Plaintiff's cause of action herein acured on or about July 5th, 2006 when the district court published its order denying Plaintiff's Motion to squash in the seperate matter of United States, v. Michael Kokoski, 5:92-00090/ 5:01-00944 (SDWVa.2003), due to the deliberately

3 of 10

false and/or deceptive factual and legal contentions made by the defendant's, jointly and severally, in their written pleadings or papers, submitted to the district court on or about January 8th, 2003, signed MICHAEL L. KELLER ASSISTANT UNITED STATES ATTORNEY in said seperate matter (Document NO. 199) and on or about January 10th and March 17th, 2003 in the subsequent seperate matter of Michael Allen kokoski, v. William Paver, et. al, 5:02-CV-01254 (SDWVa. 2003)(Document NO. 12 and NO. 51), signed STEPHEN M. HORN and SANDRA HENSON KINNEY Assistant United States Attorney, (jointly and severally); Which improperly or impermissably influenced or corrupted the Honorable United States Magistrate R. Clarke Vandervort's Proposed Findings and Recommendation, in both of these seperate matters having to do with the identical facts and issues or subject matter; And, a third Proposed Findings and Recommendation filed by this magistrate judge in the matter of United States, v. Michael Allen kokoski, 5:96-00069/5:02-00079 (S.D.W.Va. 2004); and a fourth Proposed Findings and Recommendation filed subsequently in the Seperate Case of Michael Allen kokoski, v. Charles

4 of 10

I. Felts, Warden, 5:06-00024 (s.D.W.Va.2006). Thereby, affirmatively deceiving the district court in each of these seperate cases. Rendering the outcomes void.

5 of 10

5.

Consequently, the district court was tricked into believing and/or finding that the August 1st, 1991 search warrant applicant and Affiant in 5:92-00090/5:01-00944; _supra_, was not required to mention, at all, the evidence concerning possible violation(s) of Title 21, USC Section 841a1 nor the controlled substances or LSD that he intended or anticipated to seize from the search of Plaintiff's private, sealed, United States Express Mail letter/flat; to the United States Magistrate Judge who issued this original search warrant based upon unrelated grounds of probable cause.

6.

Likewise, the district court was subsequently tricked into overlooking the involvement of an attorney, as an officer of the Court, in a scheme to suborn perjury from this search warrant affiant that would certainly be considered fraud upon the court. As the district court was affirmatively deceived by the defendants herein into finding a "per se unreasonable" and "planned warrantless

search and seizure" of 5,000 doses of LSD from said private First Class U.S. mails to be reasonable under the exclusionary rule to the Fourth Amendment to the Constitution. ( 5:92-00090/5:01-00944 ) ( Document No 244, pp. 7-8 and 15 )( Document Nos. 253, 258, 400 and 402 ) cf. <u>Coolidge, v. New Hampshire</u>, 403 US 443, 467-471 (1971). <u>Supra</u>.

8.

Furthermore, said criminal or fraudulent activities of the defendants herein also tricked the district court into finding that claims of fraud upon the court are time barred under the Antiterrorism and Effective Death Penalty Act of 1996. And, are collaterally estopped; subject to conditions of a valid guilty plea and reviewed under the cause and prejudice standard: while knowing such contentions to be meritless and wholly frivolous in the context of these previously named matters. <u>Supra</u>. See, <u>Hazel-Atlas Glass Co. v. Hartford Empire CO</u>, 238 US 238 (1944)

9

As a result of the illegal and unlawful activities of the defendant's herein the district court was affirmatively deceived in each of these matters and Plaintiff was denied an Evidentiary Hearing required under 28, USC section 2255 as mandatory based upon the record in 5:92-00090/5:01-00944, supra, and 5:02-CV-01254, supra. And, in violation of Plaintiff's First Amendment right to access the courts and his Fifth Amendment right to due process of law and in violation of his Fourth Amendment right to be free from cruel and unusual punishment.

10

Which violations to Plaintiff's civil rights by the defendant's herein cost him more than twenty thousand dollars (i.e. $20,000.00) in legal expenses to correct and has caused him to suffer prejudice of the worst kind, loses and injuries or damages totalling much more than One Million Dollars; which the defendant's jointly and severally must be liable to pay to Plaintiff in compensations.

8 of 10

11.

Plaintiff filed motions for Fed. R. Civ. P. 60(b)(4) remedy in 5:92-00090/5:01-00944, supra, 5:02-cv-01254, supra, and 5:96-00064/5:02-00079, supra. However, the district court did not reach Plaintiff's grounds of voidness due to fraud upon the court perpetrated by the defendant's herein to deliberately and affirmatively deceive the district court in these matters. Therefore Plaintiff did not realize the extent of his losses, injuries or damages untill his 60(b) motion in 5:92-00090/5:01-00944, supra was dismissed due to the complained about illegal and unlawful activities of the defendants herein.

WHEREFORE, Plaintiff prays for appointment of counsel to assist him in this case and a trial by jury and an award of money for compensation for any and all damages that he might be entitled to receive. Including nominal, compensatory, punitive and all damages in amounts to be determined in the enlightened conceias of a jury.

9 of 10

Respectfully submitted,

_September 18th, 2006_
DATE

_Michael A. Kokoski,_
MICHAEL ALLEN KOKOSKI
# 02115-061
FCI BECKLEY
P.O. BOX 350
Beaver, W.Va. 25813

10 of 10