IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

MICHAEL ALLEN KOKOSKI,

        Plaintiff,

v.                          Case No. 5:06-cv-00730

MICHAEL LEE KELLER,
STEPHEN M. HORN, and
SANDRA HENSON KINNEY, individually
and in their official capacity as
Assistant United States Attorneys,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On September 21, 2006, Plaintiff filed the instant civil rights complaint (docket sheet document # 1), a "Motion to Proceed as a Poor Person" (# 2), and a "Motion for Appointment of Counsel" (# 3).  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court

must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A claim is "malicious" when it contains allegations which the plaintiff or petitioner knows to be false, it is part of a longstanding pattern of abusive and repetitive lawsuits, or it contains disrespectful or abusive language.  See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207 (10th Cir. 1981).  Thus, a claim is malicious if it is repetitive or evidences an intent to vex the defendant(s) or abuse the judicial process by re-litigating claims decided in prior cases.

A complaint fails to state a claim upon which relief can be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support

of his claim entitling him to relief." <u>Veney v. Wyche</u>, 293 F.3d 726 (4th Cir. 2002) (section 1983 complaint dismissed under 28 U.S.C. § 1915 for failure to state a claim upon which relief could be granted).  However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

### PROCEDURAL HISTORY AND PLAINTIFF'S CLAIMS

Plaintiff's Complaint names three Assistant United States Attorneys for the Southern District of West Virginia as defendants. Plaintiff has sued the defendants in both their individual and official capacities.  The complaint states that he "files this civil rights complaint for money damages against the Defendants, jointly and severally, for having deliberately violated Plaintiff's civil rights under the Constitution of the United States . . . ." (# 1 at 2).

Although not specifically stated therein, the undersigned construes Plaintiff's complaint alleging violations of Plaintiff's constitutional rights by the defendants, who are employees of the federal government, to have been brought under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 409 U.S. 388 (1971).  However, a <u>Bivens</u> action may only be brought against federal officials in their individual capacities. <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24 (1st Cir. 2000). <u>See also Dugan v. Rank</u>, 372 U.S. 609 (1963). The <u>Riley</u> court stated:

> It is well settled that a <u>Bivens</u> action will not lie against an agency of the federal government. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 486; 114 S. Ct. 996; 127 L. Ed.2d 308 (1994). The same holds true as to federal officials sued in their official capacities. <u>See</u> <u>Affiliated Professional Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999); <u>Buford v. Runyon</u>, 160 F.3d 1199, 1203 (8th Cir. 1998); <u>Sanchez-Mariani v. Ellinqwood</u>, 691 F.2d 592, 596 (1st Cir. 1982). A <u>Bivens</u> action only may be brought against federal officials on their individual capacities.

<u>Riley</u>, 209 F.3d at 28.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that no action may lie against the defendants in their official capacities and the Complaint fails to state a claim upon which relief can be granted against the defendants in that regard. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the defendants in their official capacities.

Turning to the allegations against the defendants in their individual capacities, the Complaint asserts that the defendants deliberately made false or deceptive factual and legal contentions in their written pleadings and briefs submitted in several other civil actions filed by Plaintiff in this court; particularly in one of his several actions instituted under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (<u>Kokoski v. United States</u>, Case No. 5:01-cv-00944), and in a related civil rights action (<u>Kokoski v. Pauer et al.</u>, 5:02-cv-01254). Plaintiff contends that the defendants:

improperly or impermissibly influenced or corrupted the
Honorable United States Magistrate R. Clarke VanDervort's
Proposed Findings and Recommendation in both of these
separate matters having to do with the identical facts
and issues or subject matter; and a third Proposed
Findings and Recommendation filed by this magistrate
judge in the matter of <u>United States v. Michael Allen
Kokoski</u>, 5:96-00064/5:02-00079 (S.D. W. Va. 2004); and a
fourth Proposed Findings and Recommendation filed
subsequently in the separate case of <u>Michael Allen
Kokoski v. Charles T. Felts, Warden</u>, 5:06-00024 (S.D. W.
Va. 2006). Thereby affirmatively deceiving the district
court in each of these separate cases. Rendering the
outcomes void.

(# 1 at 3-5).

Essentially, Plaintiff claims that William Pauer, the postal
inspector who signed the affidavit in support of a search warrant
for an express mail package that had been sent to Plaintiff,
perjured himself by claiming that he had probable cause to believe
that the postal meter used to mail the package had been lost or
stolen, and that he wished to search the package for information
pertaining to the sender when, in fact, it was Mr. Pauer's true
intent to search the package for controlled substances. Plaintiff
further asserts that the defendants argued in their court documents
that the search warrant affiant was "not required to mention at
all, the evidence concerning possible violation(s) of Title 21,
U.S.C. section 841(a)[,] nor the controlled substances or LSD that
he intended or anticipated to seize from the search of Plaintiff's
private, sealed United States Express Mail letter/flat. (<u>Id.</u> at
6).

Throughout his civil filings in this court, Plaintiff has argued that the search warrant issued to search the express mail package in which the drugs were located was invalid, that Michael Fisher, the Assistant United States Attorney involved in Plaintiff's criminal prosecution, suborned perjury by the search warrant affiant, that the fruits of the search should have been excluded, and that his conviction is null and void. Plaintiff asserts that the alleged conduct by Mr. Pauer, Mr. Fisher and others constituted a "fraud upon the court," and that the defendants in the present case have affirmatively deceived the court and perpetuated the fraud upon the court. Plaintiff has been unsuccessful with these claims in each of his prior filings. A brief discussion of the convoluted procedural history of the prior matters involving Plaintiff may be helpful to the resolution of the instant matter.

<u>Plaintiff's first criminal prosecution</u>

On August 1, 1991, Postal Inspector William Pauer obtained a search warrant to open an express mail package addressed to Plaintiff's business. In the application for the search warrant, Mr. Pauer stated that he wanted to search the package for "(1) the property that constitutes evidence of the commission of a criminal offense; (2) contraband, the fruits of a crime, or things otherwise criminally possessed; and (3) property designed or intended for use or which is or has been used as the means of committing a criminal

offense concerning a violation of Title 18, United States Code, Section(s) 641 and 371." Those sections pertain to the theft of public property and conspiracy to defraud the United States. (<u>Kokoski v. Pauer</u>, Case No. 5:02-cv-01254, # 1, Ex. 2).

In the affidavit in support of the search warrant application, Mr. Pauer stated in pertinent part:

> 4. In the course of my duties, I have become involved in the investigation of possible violations of Title 18, United States Code, Section 641 and 371, by Tracy Wells.
>
> * * *
>
> h. . . . Mr. Kokoski was informed that the Inspection Service was investigating the unlawful use of a postage meter and asked if he would open the package to possibly identify the individual that was using this unauthorized postal meter. Mr. Kokoski refused to open the package in the presence of the Postal Inspectors, but stated that he would be glad to pay the $9.95 postage, but would not be willing to give the contents to the Postal Service.
>
> i. Based on my training, experience and expertise as a Postal Inspector, I submit that there is probable cause to search the Express Mail package dated July 25, 1991, postmarked with an illegal meter strip, bearing meter number 3367498, in the amount of $9.95, postmarked Oakland, CA, addressed to the Tie Dye Farm, P.O. Box 33, Pax, WV 25904, from Tracy Wells, 1826 Haight Street #7, San Francisco, CA 94117.

(<u>Id.</u>) The search warrant was issued.

On opening the package as authorized by the warrant, Mr. Pauer found 5,000 hits of lysergic acid diethylamide ("LSD"). On March

7

6, 2002, a criminal complaint was filed, charging Plaintiff with conspiring to distribute LSD in violation of 21 U.S.C. § 846.  In an affidavit in support of the criminal complaint, Mr. Pauer stated that he "obtained a search warrant to search the package for the presence of controlled substances." (Id., Ex. 3).

On March 31, 2002, Plaintiff was indicted on one count of possession with intent to distribute marijuana and LSD in violation of 21 U.S.C. § 841(a)(1).  (United States v. Kokoski, Case No. 5:92-cr-00090).  On July 15, 1992, a four count Superseding Indictment was filed charging Plaintiff with one count of conspiracy to distribute LSD (Count One), two counts of distribution of LSD to a person under 21 years of age (Counts Two and Three), and one count of employing a person under the age of 18 to distribute LSD (Count Four), all in violation of 21 U.S.C. §§ 841(a)(1), 846, 856, and 861(a)(1).  From the docket sheet in Plaintiff's criminal matter, it does not appear that Plaintiff ever moved to suppress the evidence seized from the express mail package.[1]

_____

[1]  Plaintiff has asserted in other documents submitted to this court that he attempted to discover the facts related to this claim during a pre-trial detention hearing conducted in the United States District Court for the Southern District of Ohio, following Plaintiff's arrest.  However, Plaintiff has not provided any evidence to demonstrate that he successfully challenged the validity of the warrant or moved to suppress the evidence seized pursuant thereto.

Plaintiff's criminal proceedings were delayed while Plaintiff underwent a competency evaluation. Plaintiff was ultimately found competent.

In a separate prosecution in the United States District Court for the Middle District of Tennessee, Rose Silverstein (a.k.a. Carolyn Jordan), who had sent the express mail package involved in Plaintiff's prosecution, was charged with unlawful distribution and possession with intent to distribute LSD. Those charges stemmed, in part, from the same search warrant involved in Plaintiff's case. In that matter, a hearing was conducted on February 8, 1993, under the authority of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), to determine the sufficiency of the search warrant.

Mr. Pauer testified at that hearing. He stated that in June and July of 1991, he learned that Plaintiff was receiving drugs through the mail in Pax, West Virginia. Based upon that information, Mr. Pauer took possession of the subject express mail on July 27, 1991. As noted above, rather than divulge his sources in the community concerning Plaintiff's alleged drug activity, in the search warrant affidavit, Mr. Pauer instead concentrated on facts and circumstances concerning the alleged illegal use of a postal meter in mailing the package from California.

Specifically, Pauer stated that he believed that the postage meter used to mail the package had been lost or stolen, based upon information he received from Shannon Harmon, an employee of Pitney

Bowes, the manufacturer of the postal meter, to the effect that the particular meter had not been in service for over five years.  Mr. Pauer later learned that the meter had not been lost or stolen, and that the statement to that effect in the affidavit was incorrect. (Kokoski v. United States, Case No. 5:01-cv-00944, # 211, transcript, pp. 11-17, 39, 53).

The presiding district judge in the Tennessee case found as follows after the Franks hearing:

> [T]he affidavits have been received and considered in this case, but only one person testified in person and that is important because the critical determination for the Court . . . is whether or not Agent Pauer included an intentional falsehood in his affidavit or whether or not he acted with reckless disregard of the truth in the filing of the affidavit for the search warrant.
>
> There are, of course, errors that have been after the fact determined to exist in the affidavit.  But absent the element of intentional falsehood or reckless disregard the Court must judge the existence of probable cause that the magistrate had at the time that he observed it.
>
> This Court finds that Agent Pauer did not act intentionally or in reckless disregard of the truth.
>
> I observed the manner and demeanor of this agent's responsiveness to the questions asked, his honesty - he is apparently honest in his statements, some of which were to his detriment.
>
> But, nevertheless, I think this man has told the full truth here.  He acted with ultimate good faith at the time he did what he did.
>
> Now, it is obvious also to the Court that he had plenty of probable cause that was not included in the affidavit to the magistrate.

That was an error of judgment, Mr. Pauer.  You
choose to try to protect your sources in a way you could
have protected them otherwise but, nevertheless, you
omitted some essential facts from that affidavit that
would establish probable cause well beyond any possible
errors that the affidavit does contain.

(Id. at 95-96).  The evidence from this hearing was available over

one year prior to Plaintiff's guilty plea.

On July 27, 1994, Plaintiff pled guilty, pursuant to a written

plea agreement, to Count Four of the Superseding Indictment,

employing a person under 18 years old to distribute LSD in

violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1).  By way of

Plaintiff's guilty plea, he waived any claims concerning the

constitutionality of the search warrant and the search of his mail.

The district court imposed sentence on September 19, 1994.

Plaintiff was sentenced to 144 months in prison, to be followed by

a six-year term of supervised release.  Plaintiff was also assessed

a $5,000 fine.

Plaintiff appealed his sentence, challenging only the district

court's competency determination and the denial of credit for

acceptance of responsibility.  The United States Court of Appeals

for the Fourth Circuit affirmed the district court's judgment and

the United States Supreme Court subsequently denied Plaintiff's

petition for a writ of certiorari.  United States v. Kokoski, 83

F.3d 411, 1996 WL 181482 (4th Cir. (W. Va.)), cert. denied, 519

U.S. 892 (Oct. 7, 1996).[2]

Plaintiff's first section 2255 motion

On October 11, 2001, Plaintiff was permitted to file a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Kokoski v. United States, Case No. 5:01-cv-00944, # 194).  In that motion, Plaintiff claimed, for the first time, that the district court in his criminal proceeding "lacked jurisdiction to hear the instant case due to fraud upon the court."  In support of that claim, Plaintiff further asserted:

> Supporting FACTS: The instant conviction was based upon an Indictment that was procured through fraud upon the court.  Postal official falsified information/affidavit in order to obtain search warrant.  Poison tree doctrine goes into effect at this point rendering anything which follows, "fruit of the poisonous tree."  Therefore, the Indictment itself is void which results in the Court lacking jurisdiction in this matter.

Plaintiff also asserted that "prosecutorial misconduct rendered defense counsel ineffective, depriving [Plaintiff's] Sixth Amendment rights."  In support of that claim, Plaintiff stated:

> Supporting FACTS: Information recently received shows that postal official supplied prosecutor with information that would clearly show that postal official would later

---

[2]  Plaintiff was subsequently convicted of one count of escape from the federal prison camp in Beckley, West Virginia, and was sentenced to a consecutive term of imprisonment of 37 months.  (United States v. Kokoski, Case No. 5:96-cr-00064).  Plaintiff unsuccessfully challenged that conviction on direct appeal to the Fourth Circuit (United States v. Kokoski, No. 00-4389, 238 F.3d 416, 2000 WL 1853389 (4th Cir., Dec. 19, 2000)(unpublished)(# 112), and his petition for a writ of certiorari was also denied.  (Kokoski v. United States, 532 U.S. 999 (2001).

12

> provide false information/affidavit to obtain search
> warrant. Prosecutor knew, or should have known, that the
> search warrant was fraudulently obtained rendering any
> further action pursuant thereto null and void.

(# 194, ¶ 12). Plaintiff claimed that he had not raised these claims previously because he had only recently discovered relevant evidence.

In his Memorandum of Law in support of his section 2255 motion, Plaintiff asserted that the affidavit in support of the search warrant stated that "the sole reason for [Pauer's] request for a search warrant to open U.S. Mail [was] due to the fact that the Postal Meter was stolen and being illegally used in violation of Title 18 U.S.C. § 641 and § 371." (# 197 at 2). Based upon this statement, Plaintiff asserted that his conviction on controlled substance offenses was procured through a fraud on the court because Pauer falsified information in the affidavit and the Assistant United States Attorney was aware of the falsity and withheld that fact from Plaintiff's defense counsel. (Id.)

In the United States' response to the section 2255 motion, Assistant United States Attorney Michael L. Keller, a defendant herein, argued that the motion was time-barred, that Plaintiff had not acted with due diligence to pursue his "fraud" claim, and that any such claim was waived by Plaintiff's guilty plea. (# 199).

On September 5, 2003, United States Magistrate Judge R. Clarke VanDervort submitted a Proposed Findings and Recommendation (hereinafter "PF&R") recommending that the presiding District Judge

13

dismiss the section 2255 motion as untimely and for failure to
state a claim based upon Plaintiff's waiver of the claims by his
guilty plea.   In the PF&R, Judge VanDervort found as follows:

> Movant could have discovered the facts supporting his
> claim for relief under 28 U.S.C. § 2255 through the
> exercise of due diligence well before February, 2001.   In
> fact, Movant could have discovered them upon reasonable
> inquiry before he pled guilty and was sentenced in 1994.
> Plaintiff received a copy of the Affidavit and
> Application for Search Warrant in discovery in <u>United
> States v. Kokoski</u>, 5:92-00090 on or about April 17, 1992.
> (*See* <u>Kokoski v. Pauer *et al*.</u>, 5:01-1254, Document No. 14,
> Exhibit 5).   He had a full opportunity therefore to
> challenge the sufficiency of Mr. Pauer's Affidavit and
> the search warrant prior to pleading guilty on July 27,
> 1994.   Indeed, it appears that the evidence obtained
> through execution of the search warrant was fundamental
> to Plaintiff's criminal prosecution giving Plaintiff
> strong incentive to challenge it, and nothing prevented
> him from doing so.   Second, the documents and
> information, including the transcript of the February,
> 1993, suppression hearing in Ms. Silverstein's case which
> movant claims are newly discovered were obviously
> actually created and/or available in 1993, before Movant
> entered his guilty plea.   He could have discovered them
> soon thereafter through the exercise of due diligence.
> They do not amount to "new evidence."

(# 244 at 11).   The presiding District Judge adopted the PF&R and
dismissed Plaintiff's section 2255 motion on October 21, 2003.   (#
253).   Plaintiff's appeal of that judgment was unsuccessful.
<u>Kokoski v. United States</u>, 90 Fed. Appx. 54, 2004 WL 542483, 4th
Cir., March 19, 2004 (unpublished) (# 292).

<u>Plaintiff's first civil rights complaint on these issues</u>

On October 15, 2002, while Plaintiff's section 2255 motion was
pending, Plaintiff filed a civil rights action against Mr. Pauer
(<u>Kokoski v. Pauer et. al.</u>, Case No. 5:02-cv-01254, # 1).   In that

Complaint, Plaintiff raised the same issues concerning the alleged perjured statements by Mr. Pauer in his affidavit in support of the search warrant to search Plaintiff's mail.  Plaintiff relied upon information allegedly obtained for the first time in January of 2001 from Ms. Silverstein's attorney in Tennessee, and from a Freedom of Information Act request to the Postal Service, which indicated that the postal meter used to send the express mail package to Plaintiff was not lost or stolen.  (Id., # 1, Exs. 4-7).

On January 8, 2003, prior to any response by Mr. Pauer, Plaintiff moved to amend his Complaint to add Wayne Cantrell, another postal inspector, Assistant United States Attorney Mike Fisher, and Shannon Harmon, the Pitney Bowes employee who provided the information about the postal meter, as defendants.  (Id., # 8)(hereinafter "Plaintiff's Bivens Complaint").

On January 17, 2003, Assistant United States Attorneys Stephen M. Horn and Sandra Henson Kinney filed a Motion to Dismiss Plaintiff's Bivens complaint on behalf of Mr. Pauer (# 13).  The Motion to Dismiss and Memorandum of Law in support thereof argued that Plaintiff's complaint was barred by the two-year statute of limitations.  (Id., # 13).  According to Plaintiff's criminal docket sheet, the United States provided Plaintiff's defense counsel with a copy of the August 1, 1991 Application and Affidavit for Search Warrant in discovery on April 17, 1992.  Thus, Plaintiff had that information prior to his guilty plea on July 28, 1994, and

15

before his sentencing, which took place on September 19, 1994.

Specifically, the Memorandum of Law stated:

> Accordingly, by September 19, 1994, at the latest, plaintiff had or should have had some elemental knowledge of his claim. "This does not mean, however, that a plaintiff must have complete knowledge of all elements or a legal understanding of the nature of the claim before his claim exists." Lekas v. United Airlines, Inc., 282 F.3d 296, 299 (4th Cir. 2002). Knowledge or notice to make further inquiry is all that is needed for a claim to accrue. Nasim at 955. Plaintiff had sufficient notice of a constitutional claim at least by the day he was sentenced. Nothing prevented his right to challenge the search of the envelope during the criminal proceeding or filing a FOIA request to the Postal Service about the postal meter in question (Compl. ¶ 23). Plaintiff had a legal duty to inquire about the details of his claim that were reasonably discoverable. Nasim at 955.

(# 14 at 3-6).

The Memorandum of Law further argued that Plaintiff had waived any claim he could have made concerning the validity of the search warrant when he entered a voluntary guilty plea in July of 1994, and that, under the holding in Heck v. Humphrey, 512 U.S. 477 (1994), any relief that could be granted would imply the invalidity of Plaintiff's conviction, which had not been overturned. Accordingly, the defendants asserted that Plaintiff's Complaint failed to state a claim upon which relief could be granted. (Id. at 6-8).

In response to the Motion to Dismiss, Plaintiff argued that the search warrant constituted a "fraud upon the court" and that he did not know of the false statements contained in the affidavit because Mr. Pauer and the other defendants in the civil matter had

"use[d] their official capacities . . . to prevent discovery." (#
29 at 14-15).

In a reply brief in that same matter, Mr. Horn and Ms. Kinney
argued that Mr. Pauer was entitled to qualified immunity on
Plaintiff's Fourth Amendment claim because the search warrant was
upheld following the suppression hearing in Ms. Silverstein's
criminal matter.  In support of that argument, their reply brief
included a footnote, which stated:

> In support of this new claim [that Mr. Pauer "lied to the
> magistrate about the nature and scope of his
> investigation to gain illegal entry into Plaintiff's U.S.
> Mail"], Plaintiff points to Defendant Pauer's statements
> in the affidavit supporting the Criminal Complaint
> (Complaint Ex. 3) as evidence that Defendant Pauer lied
> about the purpose of the search warrant.  In that
> affidavit, Defendant Pauer stated that he "obtained a
> search warrant to search the package for controlled
> substances."  However, this statement is nothing other
> than an honest mistake by Defendant Pauer because of the
> changing focus on Plaintiff's criminal activity.
> Admittedly, the investigation began as a drug
> investigation. Declaration of William Pauer (hereinafter
> referred to as "Ex. 11"), ¶ 6.  During the course of the
> investigation, Defendant Pauer developed information
> regarding violations of 18 U.S.C. §§ 641 and 371.  <u>Id.</u>
> However, once the package was opened and Defendant Pauer
> discovered 5000 hits of LSD, the focus returned to
> controlled substances and little time was spent on the
> other aspect of the investigation.  <u>Id.</u>  By the time
> Defendant Pauer swore out the March 5, 1992, affidavit,
> all of his efforts were devoted to the LSD investigation.
> <u>Id.</u>

(# 51 at 3 n.1).  The reply brief further argued that Mr. Pauer had
a reasonable suspicion to detain the package and that he detained
it for a reasonable period of time.  (<u>Id.</u> at 4-11).

17

On August 22, 2003, the Honorable R. Clarke VanDervort, United States Magistrate Judge, submitted a PF&R finding that Plaintiff's Bivens complaint was untimely, that Plaintiff had waived the right to make the claims concerning the allegedly invalid search warrant when he voluntarily pled guilty, that Plaintiff's claim was not cognizable in light of Heck v. Humphrey, and that, at any rate, Mr. Pauer and the other defendants were entitled to qualified immunity. Specifically, the PF&R stated:

> Plaintiff claims that several facts stated in Defendant Pauer's Affidavit for a basis for probable cause for the August 1, 1991, Search Warrant were false, and indeed they were. But Plaintiff has not and cannot demonstrate that Mr. Pauer made the false statements deliberately or intentionally or with reckless disregard for the truth. To the contrary, the record demonstrates that he worked diligently under considerable pressure in developing them and believed them to be true at the time he made them. Plaintiff's claims that they were made fraudulently and maliciously are conclusory and wholly unsupported by the record. Accordingly, the undersigned finds that the facts viewed in the light most favorable to the Plaintiff do not establish a deprivation of Plaintiff's rights under the Fourth or the Fifth Amendments of the United States Constitution. The Defendants' qualified immunity defense is meritorious, and they are entitled to summary judgment.

(# 61 at 17).

On September 18, 2003, Plaintiff filed his second motion to dismiss his complaint without prejudice[3], in light of the fact that the claim had not yet accrued, as his section 2255 motion was still

---

[3] Plaintiff filed his first motion to this effect on March 10, 2003. (# 49). On August 22, 2003, Magistrate Judge VanDervort denied the first motion, in light of the recommended granting of the defendants' summary judgment motion. (# 62).

pending.  (# 66).

On September 29, 2003, the Honorable Robert C. Chambers, the presiding District Judge, found that Plaintiff's <u>Bivens</u> claim had not yet accrued under <u>Heck</u> because Plaintiff's section 2255 motion was still pending.  (# 71 at 4).  Judge Chambers declined to reach the other bases for dismissal or summary judgment in light of this fact.  (<u>Id.</u>)  Accordingly, Judge Chambers dismissed Plaintiff's <u>Bivens</u> complaint without prejudice.  (<u>Id.</u> at 5).

As stated previously herein, on October 21, 2003, Plaintiff's section 2255 motion was denied as being untimely and because Plaintiff was estopped from challenging the validity of the search warrant, in light of his guilty plea.  (<u>Kokoski v. United States</u>, 5:01-cv-00944, # 253).  Plaintiff's appeal of the denial of his section 2255 motion was denied and his numerous attempts to revisit the issues raised therein in subsequent motions and habeas corpus petitions have also been unsuccessful.

<u>Plaintiff's second section 2255 proceeding</u>

On January 28, 2002, the Clerk of this district court received documents from the United States District Court for the Western District of Washington.  On or about November 3, 2000, while Plaintiff was incarcerated at a federal facility in that district, he filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  However, that court construed the document as a motion under section 2255 and transferred it to this district court.  The matter

was assigned Case No. 5:02-cv-00079.  In the motion, Plaintiff challenged both of his convictions in the United States District Court for the Southern District of West Virginia (Case Nos. 5:92-cr-00090 and 5:96-cr-00064).

Magistrate Judge VanDervort found that Plaintiff was asserting the same factual basis as that asserted in his first section 2255 proceeding in Case No. 5:01-cv-00944, concerning Mr. Pauer's allegedly perjured affidavit.  Accordingly, on November 22, 2004, without requiring a response from the United States, Magistrate Judge VanDervort submitted a PF&R recommending that the presiding District Judge deny the motion.  Judge VanDervort found that, to the extent that Plaintiff was relying on the same factual circumstances raised in his first section 2255 motion, those claims were found to be without merit.  He specifically stated, "this Court had fully considered Movant's claim for relief under § 2255 in 5:01-0944 and found that it had no merit.  The Fourth Circuit denied Movant a certificate of appealibility and the Supreme Court denied *certiorari*.  The circumstances and issues raised in 5:01-0944 can therefore be no basis for relief in this case." (# 124 at 6-7).

On March 15, 2005, the Honorable Robert C. Chambers, the presiding District Judge, overruled Plaintiff's objections, adopted Magistrate Judge VanDervort's PF&R, and dismissed Plaintiff's second section 2255 motion.  (# 139).

20

## Plaintiff's third section 2255 motion

On January 11, 2006, Plaintiff filed another Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. That petition, which again raised the issue of the alleged perjury by Mr. Pauer and invalid search warrant, was assigned Case No. 5:06-cv-00024. Without requiring a response from the United States, Magistrate Judge VanDervort recommended that the presiding District Judge dismiss the petition as being an unauthorized second or successive motion to vacate his sentence under section 2255. (Id., # 4). On April 13, 2006, the Honorable David A. Faber, Chief United States District Judge, adopted Judge VanDervort's PF&R and dismissed that matter. (Id., # 6).

## Plaintiff's Rule 60(b) motion

One of Plaintiff's other attempts to revisit these issues was the filing of what was construed as a motion for relief from the judgment entered in Case No. 5:01-cv-00944 under Rule 60(b) of the Federal Rules of Civil Procedure. (Id., # 307). That motion was denied by Chief Judge Faber on June 8, 2006. (# 400). On June 21, 2006, Plaintiff filed a "Motion to (S)quash" (hereinafter "Motion to Quash") the June 8, 2006 order. (# 401). Chief Judge Faber denied the Motion to Quash in a Memorandum Opinion and Order on July 5, 2006 (# 403). The denial of that motion lead to Plaintiff's present complaint.

The complaint extant states in pertinent part:

> As a result of the illegal and unlawful activities of the defendants herein the district court was affirmatively deceived in each of these matters and plaintiff was denied an evidentiary hearing required under 28 U.S.C. § 2255 as mandatory based upon the record in 5:92-00090/5:01-00944, supra, and 4:02-cv-01254, supra. And, in violation of Plaintiff's First Amendment right to access the courts and his Fifth Amendment right to due process of law and in violation of his Fourth Amendment right to be free from cruel and unusual punishment.

(Kokoski v. Keller, Case No. 5:06-cv-00730, # 1 at 8). Plaintiff claims that the defendants' actions have cost him more than $20,000 in legal expenses, and injuries and losses in excess of one million dollars. (Id.)

## ANALYSIS

Plaintiff's present complaint fails on numerous grounds. First, each of the matters filed after Plaintiff's criminal conviction relates back to his conviction. Plaintiff has named three Assistant United States Attorneys as defendants concerning conduct that was taken in furtherance of their prosecutorial function. A prosecutor is a "quasi-judicial" officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976). The decision of "whether and when to prosecute" is a "quasi-judicial" function, which enjoys absolute immunity. Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996). Accordingly, the undersigned proposes that the presiding District

Judge **FIND** that the defendants herein are absolutely immune from suit on Plaintiff's claim for damages.

Moreover, Plaintiff is estopped from arguing that there was a "fraud upon the court" based upon the alleged perjured statements by Mr. Pauer in his search warrant affidavit, because Plaintiff pled guilty to the controlled substance offense at a time when he was, or should have been, aware of the inaccuracies in the affidavit and, thus, he waived any claim he could have made to that effect.

Furthermore, a judicial officer found that Mr. Pauer's affidavit was not made in bad faith, or with an intentional or reckless disregard for the truth, and that "there was plenty of probable cause that was not included in the affidavit." (Kokoski v. United States, Case No. 5:01-cv-00944, # 211 at 95-96). The Assistant United States Attorneys named as defendants in this matter were entitled to rely upon that finding in arguing the merits of the claims raised in Plaintiff's subsequent proceedings and in raising defenses in those proceedings.

Accordingly, Plaintiff's allegation that the defendants herein "tricked the district court into believing or finding that the August 1, 1991 search warrant applicant and affiant in 5:92-00090/5:01-00944, supra, was not required to mention at all, the evidence concerning possible violation(s) of Title 21, USC Section 841(a)(1) nor the controlled substances or LSD that he intended or

anticipated to seize from the search of Plaintiff's private, sealed United States Express Mail letter/flat" has no merit.

Finally, despite his many challenges to his judgment of conviction, Plaintiff's conviction has not been overturned.  Thus, he cannot bring a claim for damages that implies the invalidity of a conviction that has not been overturned.  Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff has repeatedly raised this issue and been defeated on it.  His present claim is repetitive and evidences an intent to vex the defendants and abuse the judicial process by re-litigating claims decided in prior cases.

For all of these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint is frivolous, malicious and fails to state a claim upon which relief can be granted.  Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Complaint (# 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and that Plaintiff's Application to Proceed as a Poor Person (# 2) be **DENIED**.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal

24

Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

October 19, 2006
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge

25