**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MICHAEL KOKOSKI,

                Plaintiff,

v.                                     CIVIL ACTION NO.  5:06-cv-00730

MICHAEL KELLER, et al.,

                Defendants.

**MEMORANDUM OPINION**

By Standing Order entered on August 1, 2006, and filed in this case on September 21, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ["PF&R"].  Magistrate Judge Stanley filed her PF&R on October 19, 2006 [Docket 5].  In that filing, the magistrate judge recommended that this Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) and deny Plaintiff's Application to Proceed as a Poor Person [Docket 8].

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  *See also Page v. Lee*, 337 F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to

object to magistrate judge's report and recommendation in district court, she waives appellate review of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected).  Plaintiff timely filed objections on October 25, 2006, and, pursuant to this Court's Order, supplemental objections on August 24, 2007.

## I.  ANALYSIS

The full factual and procedural history of this action is set forth in the PF&R.  In short, Plaintiff seeks money damages from three Assistant United States Attorneys of the Southern District of West Virginia, in both their individual and official capacities.  Plaintiff, a frequent litigator in this Court, claims that Defendants violated his civil rights by defending other cases filed by him, including two cases filed pursuant to 28 U.S.C. § 2255, one case filed pursuant to 28 U.S.C. § 2241, and one case filed pursuant to 28 U.S.C. § 1983.  In each of these cases, Plaintiff essentially sought (or seeks) to re-litigate the issue of whether the search warrant in his original criminal case (the Search Warrant) was valid.  The magistrate judge construes Plaintiff's instant Complaint to have been brought under *Bivens v. Six Unknown Names Agents of the Fed. Bureau of Narcotics*, 409 U.S. 388 (1971).  Plaintiff does not object to this characterization.

Magistrate Judge Stanley recommends dismissal of Plaintiff's Complaint for three reasons. First, the magistrate judge notes that *Bivens* actions may only brought against federal officials in their individual capacities.  Thus, she recommends dismissal of Plaintiff's "official capacity" claims against Defendants.  As Plaintiff does not object to this recommendation, the Court **DISMISSES** Defendants in their official capacities.

-2-

Second, the magistrate judge recommends dismissal of Defendants in their individual capacities based on the doctrine of prosecutorial immunity. Plaintiff does not address this recommendation in his objections. Rather, Plaintiff generally maintains that Defendants have perpetrated a fraud on the Court by arguing that the Search Warrant was properly issued, and seeks money damages for this alleged fraud. As the magistrate judge correctly points out, however, Plaintiff waived the argument that the Search Warrant was improper when he plead guilty. Additionally, Plaintiff cannot bring a claim for money damages based on a premise that requires the assumption that his criminal conviction has been overturned, when in fact the criminal conviction has been repeatedly affirmed. For these reasons, Defendants are **DISMISSED**.

Finally, the magistrate judge recommends dismissing Plaintiff's Complaint because it ". . . is frivolous, malicious and fails to state a claim upon which relief can be granted." The basis for this recommendation is that Plaintiff premises his Complaint on a claim that this Court has repeatedly considered and rejected, *i.e.*, that the Search Warrant case was obtained improperly. To the extent that Plaintiff's objections contest the magistrate judge's recommended finding that his Complaint is frivolous, malicious and fails to state a claim upon which relief can be granted, those objections are **OVERRULED**, the Court **ADOPTS** the recommended finding, and Plaintiff's Complaint is, accordingly, **DISMISSED**.

## II.  CONCLUSION

Based on the above, the Court adopts the findings and recommendations contained in the PF&R, **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b)(1), **DENIES** Plaintiff's Application to Proceed as a Poor Person [Docket 2], and **DIRECTS** the Clerk to remove

this action for the Court's active docket.  A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:        August 30, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

-4-